UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL H.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C20-5717-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of his application for Disability Insurance Benefits. He contends the ALJ erroneously assessed residual functional capacity ("RFC") by (1) rejecting the opinions of examining and non-examining physicians that plaintiff was limited to occasional handling, fingering, and feeling; and (2) declining to include a leg-elevation requirement despite plaintiff being the only source for such a restriction. Dkt. 17. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 63 years old, attended some college, and has worked as an inventory clerk and an inventory audit clerk. Tr. 52, 139, 471. In December 2015, he applied for benefits, alleging disability as of May 1, 2014. Tr. 145–47. After his application was denied initially and on reconsideration, Tr. 145–75, the ALJ's first unfavorable decision of September 2018, Tr.

179–94, was remanded by the Appeals Council in January 2019, Tr. 203–04. The ALJ subsequently held hearings in September 2019 and January 2020. Tr. 107–44.

In a February 2020 decision, the ALJ determined that plaintiff's date last insured was December 31, 2019, and that he had the severe impairments of diabetes mellitus with neuropathy, degenerative disc disease of the lumbar spine, morbid obesity, asthma, adjustment disorder, posttraumatic stress disorder ("PTSD"), mild right and mild to moderate left ulnar entrapment neuropathy, and inflammatory arthritis. Tr. 19. The ALJ assessed an RFC of light work with additional postural, manipulative, and environmental limitations, including that plaintiff can *frequently* handle, finger, and feel bilaterally. Tr. 23. At step four of the sequential analysis, the ALJ determined that plaintiff was capable of performing past relevant work as an inventory audit clerk. Tr. 34–35. The ALJ therefore found plaintiff to be not disabled. Tr. 35. As the Appeals Council denied plaintiff's request for review, the ALJ's 2020 decision is the Commissioner's final decision. Tr. 1–3.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff contends that the medical evidence was misevaluated because the ALJ assessed an RFC that (1) limited plaintiff to frequent handling, fingering, and feeling instead of to occasional handling, fingering, and feeling; and (2) did not include the requirement that plaintiff

be permitted to elevate his legs several times during the workday. The Court finds that plaintiff has failed to demonstrate that the ALJ's decision was unsupported by substantial evidence or involved a misapplication of the law.

### 1. Limitation to Frequent Handling, Fingering, and Feeling

Plaintiff contends that the ALJ erred by determining that plaintiff had the RFC to perform *frequent* handling, fingering, and feeling instead of *occasional* handling, fingering, and feeling without citing specific and legitimate reasons to discount the opinion of examining physician Malini Balakrishnan, M.D., and without referring to specific evidence to discount the opinion of non-examining physician Gordon Hale, M.D. The Court disagrees.

For applications filed before March 27, 2017, as this one was, more weight should generally be given to the opinions of examining doctors than to the opinions of doctors who do not examine or treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p (rescinded by Federal Register Notice Vol. 82, No. 57, page 15263, effective March 27, 2017). Here on the question of handling, fingering, and feeling the ALJ favored the opinion of non-examining agency physician, Norman Staley, M.D., over the opinions of examining physician Dr. Balakrishnan and of non-examining physician Dr. Hale. The Court therefore examines whether the examining opinion of Dr. Balakrishnan was discounted for specific and legitimate reasons that are supported by substantial evidence, *Lester*, 81 F.3d at 830; and whether the non-examining opinion of Dr. Hale was discounted with reference to specific evidence in the medical record, *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . an examining physician . . . ." *Lester*, 81 F.3d at 830.

The ALJ cited two reasons to discount the opinions of examining physician Dr. Balakrishnan and non-examining physician Dr. Hale: (1) inconsistency with the medical record; and (2) inconsistency with daily activities. In March 2016, Dr. Balakrishnan examined plaintiff and opined that he was able to perform light work subject to additional postural, manipulative, and environmental limitations, which included a restriction to occasional reaching, handling, fingering, and feeling. Tr. 857–62. The ALJ gave partial weight to this decision because it was mostly consistent with plaintiff's ability to perform a wide variety of activities, including most activities of daily living and providing guitar lessons. Tr. 31 (citing Tr. 63–65, 479–86). The ALJ also noted that numerous records showed generally unremarkable physical exam findings. Tr. 31 (citing Tr. 759, 798, 809, 812, 818, 830, 841, 961, 977, 1005, 1142, 1648). The ALJ generally gave great weight to Dr. Hale's July 2016 reconsideration opinion because it confirmed Dr. Staley's original March 2016 opinion. Tr. 30. The ALJ discounted Dr. Staley's assessment that plaintiff was limited to occasional manipulation because it was inconsistent with the generally unremarkable physical exams and plaintiff's activities, i.e., most activities of daily living and guitar lessons. Tr. 30 (citing, *inter alia*, Tr. 63–65, 479–86, 818, 871, 882, 893). Although Dr. Staley and Dr. Hale both reviewed Dr. Balakrishnan's examining opinion, only Dr. Hale accepted the limitation to occasional manipulation. *Compare* Tr. 153 *with* Tr. 169.

First, the ALJ discounted the opinions of Drs. Balakrishnan and Hale because the unremarkable physical examinations were more consistent with a limitation to frequent manipulation rather than to occasional manipulation. For example, the ALJ cited a January 2016 physical examination in which a "motor exam demonstrated normal strength in the upper and lower extremities both proximally and distally" and "no sensory deficits" were noted. Tr. 893; *see* Tr. 30. The ALJ also cited to an April 2016 physical examination that employed EMG and

nerve conduction studies to evaluate plaintiff's bilateral upper extremities. Tr. 30 (citing Tr. 871). Muscle bulk and symmetry were normal in the bilateral upper extremities; manual muscle testing showed 5/5 in deltoids, biceps, triceps, wrist extensors, wrist flexors, thumb abductors, and finger abductors; muscle stretch reflexes in a normal range; sensory testing to pinprick normal in the distal upper extremities; electrophysiological evidence of mild bilateral median entrapment neuropathy across the carpal tunnel region; and no electrophysiological evidence of peripheral neuropathy in the nerves of the upper extremities. Tr. 870–71. Similarly, the ALJ cited clinical examinations in 2019 that showed mild to moderate deficits in the upper extremities that supported light work with frequent handling, fingering, and feeling. Tr. 28. For example, despite allegations of rheumatoid arthritis, laboratory testing showed a negative rheumatoid factor; an episode of left hand trigger finger resolved after stretching his fingers; mild to moderate tenderness in right hand digits 2-5 with puffiness and limited range of motion at IP joints; and no signs of trigger fingers in both hands. Tr. 1786–87. In January 2019, there was no radiographic evidence for inflammatory arthritis while tiny osteophytes at the IP joints of both thumbs was consistent with mild osteoarthritis. Tr. 1739. In May 2018, plaintiff told his physician that when using Humira, synovitis of his hands and wrists improved such that when he stopped taking Humira while undergoing a dental implant procedure, he was doing well for five months before experiencing some joint swelling. Tr. 1699.

      Second, the ALJ discounted the opinions of Drs. Balakrishnan and Hale because plaintiff's daily activities were more consistent with a limitation to frequent manipulation rather than to occasional manipulation. In September 2015, plaintiff sought treatment for pain in his hands because he had an upcoming concert as a guitarist, and the clinician noted that the swelling "was not that bad" such that a minor dose of Lasix would help. Tr. 810. A few weeks

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 5

later, plaintiff sought relief for pain in his right mid-back after having carried a 50-pound speaker; the clinician noted 4+ to 5/5 manual motor testing in the upper extremities, except for a 4/5 for the right shoulder; and the treatment goals were for plaintiff to have manual motor testing of 5/5 and the ability to play guitar without pain within 8 weeks. Tr. 779. Moreover, plaintiff testified in the hearings and noted in his functional report that he played guitar regularly and taught guitar to his nieces. Tr. 63–65, 89–90, 482.

The ALJ's reasons to discount the opinions of Drs. Balakrishnan and Hale regarding manipulative restrictions were specific and legitimate and referred to specific evidence in the record: inconsistency with generally unremarkable physical examinations and plaintiff's daily activities. Although plaintiff advances a plausible interpretation of the medical record, he has not demonstrated that the ALJ's interpretation of the evidence was unreasonable. *See Thomas*, 278 F.3d at 954. Moreover, although plaintiff argues that the ALJ should accept his testimony that his playing and teaching of guitar is substantially restricted by pain, plaintiff has not challenged the ALJ's discounting of that testimony as inconsistent with the medical evidence.

The ALJ supported her decision that plaintiff had the RFC to perform frequent handling, fingering, and feeling instead of occasional handling, fingering, and feeling, with substantial evidence and in accordance with the law.

### 2. Leg-Elevation Requirement

Plaintiff contends that the ALJ should have assessed an RFC that included a leg-elevation requirement because plaintiff testified to such a restriction and it was supported by the medical evidence. The Court disagrees.

It is undisputed that no physician has opined a requirement that plaintiff be allowed to elevate his legs several times during a workday. Plaintiff relies instead on his own testimony and

medical examination notes referring to leg swelling. *See, e.g.*, Tr. 810, 828, 830, 1351, 1358. Plaintiff has failed, however, to challenge the ALJ's decision to discount plaintiff's symptom testimony based on a conflict with unremarkable medical findings, including normal gait, negative straight leg raising, and no acute distress. Tr. 25–29, *see* Tr. 808–09, 818, 871, 881, 909, 1141–43. Having reasonably rejected plaintiff's symptom testimony as inconsistent with the medical evidence, the ALJ did not harmfully err by declining to assess an RFC that included an imperative to permit leg elevation based on plaintiff's testimony of needing such a restriction.

The ALJ did not err as a matter of fact or law by declining to assess an RFC that included a leg-elevation requirement that no physician opined was necessary.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 20th day of May, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge